# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 14, 2013

No. 12-51059
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CHRISTOPHER CLARK DAY,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:09-CR-325-1

Before BARKSDALE, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Christopher Clark Day appeals the 18-months' imprisonment imposed following revocation of his supervised release; the supervised release was part of his original sentence for attempting to manufacture psychedelic mushrooms, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846. He contends his sentence, which exceeds the advisory Guidelines sentencing range, but is within the statutory maximum, is procedurally unreasonable because the district court failed to articulate its reasons for imposing the sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 48-51 (2007). In that respect, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

Revocation sentences generally are reviewed under 18 U.S.C. § 3742(a)'s "plainly unreasonable" standard. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). Because Day did not object in district court, however, review is only for plain error. *E.g.*, *United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009). (Day raises the issue of the applicable standard of review only to preserve it for possible further review.) Under the plain-error standard, Day must show a clear or obvious error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). He fails to do so.

The record reflects that, prior to imposing sentence, the court considered: the Guideline policy statement range of 7 to 13 months' imprisonment, U.S.S.G. § 7B1.4(a); Day's multiple violations of supervised release; his comments at the revocation hearing; and defense counsel's contentions in mitigation of sentence. Although the Government chose not to address the issue of sentencing at the revocation hearing, in its motion to revoke, it asked the court to revoke supervised release and require Day "to serve in prison all of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release". Moreover, the district judge who imposed sentence had presided at Day's original criminal proceeding. The record reflects the court considered the nature and circumstances of Day's supervised release violations, and at least implicitly considered his history and characteristics. *See* 18 U.S.C. § 3553(a)(1) (upon imposition of sentence, court shall consider, *inter alia*, nature

and circumstances of offense, and history and characteristics of defendant); *Whitelaw*, 580 F.3d at 262-65; *United States v. Gonzales*, 250 F.3d 923, 930 (5th Cir. 2001) (court may consider implicitly § 3553 factors in determining sentence after finding defendant violated condition of supervised release).  Although the court's statement in imposing sentence was brief, its explanation in the context of the revocation hearing was sufficient.  *E.g.*, *Whitelaw*, 580 F.3d at 261-62 (although lack of explicit statement setting forth reasons for imposition of sentence outside of that recommended in advisory Guidelines range was clear or obvious error, court's adopting implicitly Government's rationale for sentence showed defendant not prejudiced).  "By reviewing the record of the sentencing proceedings in this case, [our court is] able to conduct a meaningful appellate review."  *Id.* at 264.  Nothing in the record suggests a more thorough explanation would have resulted in a shorter sentence, and there is no suggestion in the record the court considered any improper factor or would impose a different sentence on remand.  *See id.* at 264-65.

AFFIRMED.